UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:
KEITH THIBODEAUX
MONA THIBODEAUX                                 CASE NO:      16-50218
      Debtor
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## AMENDED CHAPTER 13 PLAN

1. The future earning of Debtor(s) are submitted to the supervision and control of the court and Debtor(s) (or Debtor's employer) shall pay to the Trustee the sum of:
   Monthly payment: $ 753.00 in months 1-10 (DEC 2016); $938.00 in months 11-16 (JUNE 2017);
              $1,108.00 in months 17-44 (OCT 2019); $1,268.00 in months 45-57
   Term of Plan:    57   months

2. Trustee shall make disbursements as follows:
   a.     CLASS 1:     Administrative Claims pursuant to 11 USC 503(b):
            TRUSTEE:                 - 10% of all sums received,
                                          except 5% of the house note received
            ATTORNEY FOR DEBTOR - $2, 860.00 Until the effective date of the plan, attorney fees will be paid, concurrently with adequate protection payments, if applicable and the Trustee's commission. Any attorney's fee remaining due after the effective date of the plan, will be paid in preference and priority to the remaining creditors. Any tax refunds received by the Trustee will be first used to pay any remaining attorney's fee.
            Payment:     Administrative claims are to be paid out of the first payments under the plan.

   b.     CLASS 2:     Priority Payments required by 11 USC 507.
            INTERNAL REVENUE SERVICE         - $0.00
            STATE OF LOUISIANA                - $620.86
            Payment:     Priority claims are to be paid after Class 1, 3, 4 and arrearage (if applicable) but before Class 5.

   c.     CLASS 3:     Secured creditors listed below will be paid the value of the collateral or the amount of the claim, whichever is less, with no interest. Payments shall begin subsequent to administrative claims listed in paragraph 2(a) above and shall continue with pro rata payments monthly for the remaining term of the plan or until fully paid, together with interest as set forth above. The undersecured balance (as set forth below) shall receive treatment as an unsecured creditor (CLASS 5). Any claim with a secured value of zero shall be treated as a general unsecured claim. The secured creditors listed below shall retain their security interest in the following collateral and debtor will maintain adequate insurance if required by the terms of the mortgage and/or security agreement:

| CREDITOR | COLLATERAL | VALUE OF COLLATERAL | UNDERSECURED BALANCE |
|---|---|---|---|
| COURVELLE TOYOTA | 13 TOYOTA COROLLA | $5,116.84* | $0.00 |
| TOWER LOAN | HH ITEMS | $1,800.00* | $4,487.14 |

         *These values are Debtor's valuation of collateral. Debtor(s) intend to have these valuations determined pursuant to Bankruptcy Rule 3012 at the confirmation hearing.

  d.  CLASS 4:  Creditors who hold personal endorsements, guarantees, guaranteed student loans or collateral of third parties will receive payments set forth below. Payments shall begin subsequent to the full payment of administrative claims listed in paragraph 2(a) above and shall continue with equal monthly payments for the remaining term of the plan or until fully paid together with ten (10%) interest per annum: NONE

  e.  CLASS 5:  Allowed unsecured claims and the undersecured portion of the secured creditor's claim as set forth in paragraphs 2 ( c ) above and 6 below (if applicable) shall be paid as follows:  Dividend: 1%
          Payment:  After all other creditors, the Trustee shall pay dividends pro rata on the claims allowed.

3.  The following executory contracts of the debtor are accepted:  NONE

4.  a)  The debtor(s) propose to pay the following creditors outside the plan in the following amount:
     MORROW, MORROW, RYAN - $185.14 per month thru Dec 2016
     MORROW, MORROW, RYAN - $170.34 per month thru June 2017
     MORROW, MORROW, RYAN - $160.16 per month thru Oct 2019

  b)  <u>WELLS FARGO</u> holds a first mortgage on debtors' residence. The on-going regular monthly payment of $ <u>669.56</u> is included in the plan payment. Trustee shall remit monthly on-going regular payments commencing with the JUNE 2016 payment, continuing and including FEB 2021. (Debtor will resume payments to <u>WELLS FARGO</u> in MARCH 2021.) On-going regular monthly payments shall only be applied to on-going regular monthly payments and shall not be applied to default cure. The mortgage payment does include escrow for property taxes & insurance.

5.  Default cure [pursuant to 1322(b)(5)] to the following named lienholders shall be paid in installments from funds available for distribution monthly, non-cumulative. Installments shall begin subsequent to payment of the administrative claims listed above and shall be sufficient to pay in full the default upon completion of the plan:

  1)  <u>WELLS FARGO</u> has a claim for pre-petition default in the amount of $ <u>6,356.48</u> [through FEB 2016], which will be paid over the term of the plan however, in the event the proof of claim is less, the lesser amount shall be paid.
  2)  <u>WELLS FARGO</u> has a claim for post-petition default in the amount of $ <u>2,008.68</u> [through MAR/APR/MAY 2016] which will be paid over the term of the plan.

Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor(s) to do all of the following:

  (i)  To deem the mortgage contractually current as of the filing of this bankruptcy for the purpose of account for post-petition payments. This is subject to and contingent on successful completion of the mortgage cure payments and regular monthly mortgage payments under the plan, and will preclude the imposition of late charges or other default related fees, charges or costs based solely on pre-petition default.

  (ii)  To apply the payments received from the Trustee on the pre-petition default, if any, only to such

default. For purposes of this plan, the "pre-petition" default shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

    (iii) To apply the "on-going" post-petition monthly mortgage payments paid by the Trustee or by the debtor(s) to the month in which each payment was designed to be made under the plan. The payment shall be applied only to the on-going monthly mortgage payments as designated, and to interest, principal and escrow only. Any post-petition month payments that may accrue between the filing and the beginning month stated shall be treated as a post-petition default {Subsection 5(2)} above. Any additional post-petition charges or assessments, (other than principal, interest, insurance and taxes), including but not limited to miscellaneous costs, expenses, assessments, or other charges which increase debtor's liability to the creditor, must be approved by the Court prior to being assessed to, charged to, or otherwise added to Debtor's account.

    (iv) Should there be an adjustment to the monthly note payment amount, the secured creditor must comply with Local Bankruptcy Rule 3002-1. [Failure to timely comply with notice requirements, which causes any additional default to accrue may cause the creditor to be sanctioned for its non-compliance in a like amount, thereby making the account current, subject to and contingent upon successful completion of mortgage cure payments and regular month mortgage payments under the plan].

    (v) If the debtor(s) pay the cure amount specified in Subsection 5(1) of the plan, or in such lesser amount as may be established by the creditors' proof of claim, while timely making all required post-petition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition. At the conclusion of the plan, any remaining indebtedness will continue until paid in full.

6. Income Tax Refunds for the first three (3) years [2015, 2016 and 2017] of the plan shall be paid to the Trustee to pay administrative expenses first and then, thereafter to the benefit of the general unsecured creditors.

7. Debtors dispute the following creditors. Should a proof of claim be filed the creditors listed below, debtors will file an objection to the proof of claim, seeking to deny the claim. These creditors will receive no payments under this plan: DOCTOR'S HOSPITAL, HOME DEPOT CREDIT, LOWE'S/SYNCHRONY BANK and WAL-MART/SYNCHRONY BANK

8. The effective date of the plan shall be six (6) months from the date of the filing of the bankruptcy petition.

9. Title to Debtor's property shall revest in Debtor upon confirmation of a plan pursuant to 11 USC 1327(b) (or upon dismissal of the case after confirmation pursuant to 11 USC 1329 or upon closing of the case pursuant to 11 USC 350).

DATE:   June 29, 2016               /s/W. Simmons Sandoz
                                                  W. SIMMONS SANDOZ, Attorney
                                                  Bar Roll No: 11711

X:\PLANS\P-5215.wpd